HARRY AND ROSE RICHMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richman v. Commissioner
Docket No. 17360-91
United States Tax Court
T.C. Memo 1993-388; 1993 Tax Ct. Memo LEXIS 394; 66 T.C.M. (CCH) 519; August 25, 1993, Filed *394 An appropriate order denying petitioners' motion for summary judgment will be issued. For petitioners: Jared J. Scharf. For respondent: William J. Gregg. LARO
LARO
LARO, Judge: Petitioners move pursuant to Rule 121 for an order granting summary judgment in their favor (Present Motion). [1] Petitioners allege in the Present Motion that respondent cannot meet her burden of proving by clear and convincing evidence that petitioners filed false or fraudulent returns with the intent to evade tax under section 6501(c)(1) or section 6653(b)(1) and (2). If we find that no portion of petitioners' underpayment of tax was attributable to fraud, the period of limitations for assessment has expired, and a decision should be entered in favor of petitioners. Petitioners previously moved for summary judgment on February *395 27, 1992 (Previous Motion); the Court denied the Previous Motion in , and through an order dated January 28, 1993. Petitioners allege that the Present Motion is supported by new and additional evidence, and that this evidence entitles them to summary judgment. We disagree and will deny petitioner's Present Motion. The facts asserted in this case are essentially the same as those contained in the opinion denying the Previous Motion. Id. We incorporate those facts herein by this reference. Petitioners assert the following additional averments in support of the Present Motion. Petitioner Harry Richman (Mr. Richman) has denied fraud both as to himself and as to his wife, petitioner Rose Richman (Mrs. Richman). Mr. Richman and Mrs. Richman claim not to remember opening their accounts at Hyfin Credit Union. Petitioner Harry Richman currently suffers from Parkinson's disease. Respondent, on the other hand, contends she is considering calling other witnesses at trial and, in this regard, has served subpoenas upon the: (1) Preparer of petitioners' 1983 and 1984 Forms 1040, (2) certified *396 public accountant who prepared petitioners' 1985 Form 1040, and (3) certified public accountant who assisted in the preparation of petitioners' 1985 Form 1040. Respondent also contends that she is attempting to serve a subpoena on an alleged friend of Mrs. Richman, and has arranged to have subpoenas duces tecum served on certain entities to generate additional evidence pertaining to the issue of fraud. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. ; . A decision on the merits of a taxpayer's claim can be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because the Court's granting of a motion for summary judgment decides against a party before trial, we consider such an action a remedy that is cautiously *397 invoked and used sparingly after carefully ascertaining that the moving party has met all the requirements for the granting of a summary judgment motion. ; . The Court will not resolve disagreements over relevant factual issues in a summary judgment proceeding. . The burden of proving that there is no genuine issue of material fact is on the moving party and factual inferences are viewed in the light most favorable to the nonmoving party. ; . A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." Wright et al., 10A Federal Practice and Procedure: Civil, sec. 2725, at 93 (2d ed. 1983). In this regard, the Court previously has denied motions for summary judgment where intent is a material issue in the case; such an inference of fact is *398 to be drawn only at trial. ; . The value of a trial with complete opportunity to view the demeanor of the parties and their evidence is obvious. . Based on petitioners' additional assertions, we cannot conclude that fraud did not exist in this case; whether fraud existed is a genuine issue of material fact. Accordingly, petitioners have failed to carry their burden of proving that no genuine issue of material fact is left to be decided. To reflect the foregoing, An appropriate order denying petitioners' motion for summary judgment will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩